NATIONAL SECURITY BANK *v.* PRICE, Receiver.

*(Circuit Court, D. Massachusetts.* January 6, 1885.)

NATIONAL BANKS—FAILURE OF BANKS—FRAUDULENT PREFERENCE.
    After a vote of the directors to close their bank and go into liquidation, any transfer of the assets of the bank to a creditor, whereby that creditor secures a preference, will be presumed to be made with a fraudulent intent.

On Exceptions to Rulings of District Court.
*Russell Gray*, for appellant.
*Ranney & Clark*, for appellee.

COLT, J. This case comes here upon exceptions to the rulings of the district court. The directors of the Pacific National Bank, of Boston, at a meeting held after business hours, on the afternoon of Saturday, May 20, 1882, voted to close the bank and to go into liquidation. A committee was also appointed to proceed to Washington and confer with the comptroller of the currency. The comptroller, on Monday, May 22d, appointed the plaintiff receiver. He arrived in Boston the following day and took possession of the bank. The first failure of the bank was in November, 1881. It afterwards resumed, in March, 1882, but not being a member of the clearing-house, it was its custom daily to deposit with the defendant bank, to be collected through the clearing-house, all checks received. It was cred-

ited with the checks so deposited, and drew against them. On Monday morning, May 22d, and before the appointment of the receiver, the cashier of the Pacific Bank deposited with the defendant bank the checks and drafts received by mail, and took in return a negotiable certificate of deposit, payable on demand, for $11,008.20, covering the amount of the deposit just made, and a small sum due on current deposit account. At this time the defendant held a certificate of deposit of the Pacific Bank for the sum of $10,000. The receiver now seeks to recover back the money so deposited by the cashier, on the ground that the transaction was void. The defendant claims the right of set-off to the extent of its claim against the Pacific Bank. At the trial the defendant requested the court to submit to the jury the following question, among others:

"Whether or not there was in fact any view or intent on the part of the Pacific Bank, or any of its officers, to give a preference to the defendant over other creditors, or to prevent the application of the assets of the Pacific Bank in the manner prescribed in the bank act."

The court refused to submit this or any question whatever to the jury, and directed a verdict for the plaintiff, holding that, as a matter of law on the undisputed facts in the case, the plaintiff was entitled to recover the amount of the checks and drafts deposited by the Pacific Bank in the defendant bank on Monday. It cannot be doubted that on Saturday, May 20th, in voting to close its doors and go into liquidation, the Pacific Bank committed an act of insolvency within the meaning of section 5242, Rev. St. Admitting this, the defendant contends that under section 5242 it should further appear that the deposit on Monday was made with a view to give a preference to the defendant over other creditors, or to prevent the application of the assets of the bank in the manner prescribed in the act, and that this was a question of fact for the jury. We agree with the defendant that under section 5242 the transfer or payment by a bank, to be void, must be made after the commission of an act of insolvency, or in contemplation thereof, and with a view of giving a preference to one creditor over another, or with a view to prevent the application of its assets as provided by law. *Case* v. *Citizens' Bank*, 2 Woods, 23. But the undisputed facts here show that the act of the cashier, under the circumstances, could have no other result, if allowed to stand, than to operate as a preference in favor of the defendant bank. The Pacific Bank had decided to close its doors and go into liquidation, and after this the necessary consequence of the transfer was to create a preference. It cannot be said that the transfer was made with the intention of going on in business. *Jones* v. *Howland*, 8 Metc. 377. Nor can it be contended that it was made to save the credit of the bank, as was claimed in *Case* v. *Citizens' Bank*. A person is presumed to intend the necessary consequences of his own acts, and after the vote of the directors to close the bank and go into liquidation, any transfer of the assets of the bank to a creditor, whereby that

creditor secures a preference, must be presumed to be made with an intent to prefer. *In re Silverman,* 4 N. B. R. 523; 1 Sawy. 410; *Sawyer* v. *Turpin,* 2 Low. 29, 33.

Exceptions overruled.